May Murray, Appellant, v. Thomas E. Murray, as Receiver of the Interborough Rapid Transit Company, Respondent.

First Department, May 8, 1942.

*John R. Jones*, for the appellant.

*Joseph F. Mulqueen, Jr.*, of counsel [*William C. Chanler, Corporation Counsel*], for the respondent.

Glennon, J. This is a personal injury action which was tried before a court and jury. At the conclusion of the plaintiff's case, the court dismissed the complaint for the alleged failure of the plaintiff to establish a case for the consideration of the jury. In so doing the court fell into error. Outside the testimony of plaintiff's physicians, the only proof adduced as to the happening of the accident was by plaintiff, a woman about forty-seven years of age.

She testified, in substance, that on the evening of December 25, 1939, she paid her fare at the One Hundred and Forty-ninth Street and Third Avenue station of the defendant railway company located in the county of Bronx, city of New York. She went on the platform and waited for the train. When it came to a stop, three or four passengers alighted and " I was stepping on the train — it was the center of the train — and just as I stepped on, I had the other foot partly on, the door slammed on my arm, * * * and I was thrown back and the back of my head came against the end of the seat." As a result of the blow, she became unconscious.

It is not necessary to detail her testimony at length. We believe enough has been shown to indicate that plaintiff proved facts sufficient to constitute a cause of action.

A somewhat similar situation was presented to this court in the case of *Barbasote* v. *Murray* (256 App. Div. 972; affd., 282 N. Y. 580). There we held, in reversing the trial justice who had dismissed the complaint, that there was a question of the defendant's negligence which should have been submitted to the jury as an issue of fact. The testimony in that case indicated that while the plaintiff, Anna Barbasote, was in the act of leaving a subway car at the Wall Street station of. this same defendant, the door began to close when she had but one foot on the platform. The door hit her hand. As a result, her hand was caught between the door and the door pocket, causing her an injury.

The only difference between that case and the one now under consideration, with the exception of the injuries sustained, is that in the former, the plaintiff was alighting from the car, whereas in the present case, the plaintiff was boarding the train.

Under the circumstances, the judgment appealed from should be reversed, with costs to the appellant, and a new trial ordered.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and a new trial ordered.